UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-MJ-01011-JG-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THONY ISSAC | ) | |

This cause comes before the Court upon Defendant's pro se motion to dismiss the charges against him. (DE-4). The Government has responded (DE-6), and the motion to dismiss is therefore ripe for adjudication. For the reasons set forth herein, the motion to dismiss (DE-4) is DENIED.

Defendant is charged by amended criminal information with (1) driving while impaired, in violation of 18 U.S.C. § 13, assimilating N.C. Gen. Stat. § 20-138.1; (2) resisting a public officer, in violation of 18 U.S.C. § 13, assimilating N.C. Gen. Stat. § 14-233; (3) speeding, in violation of 18 U.S.C. § 13, assimilating N.C. Gen. Stat. § 20-141(e); and (4) driving without a license, in violation of 18 U.S.C. § 13, assimilating N.C. Gen. Stat. § 20-7a. *See* Am. Crim. Inform., DE-7. These charges stem from a traffic stop conducted by a military police officer with the Fort Bragg Military Reservation on October 30, 2012. After stopping Defendant for speeding, the officer determined that Defendant did not have a valid driver's license and appeared to be intoxicated. The officer subsequently transported Defendant to the Law Enforcement Center at Fort Bragg, where Defendant refused an intoximeter test.

Defendant asserts the charges against him should be dismissed on multiple grounds. First, Defendant argues that the area of the traffic stop is a state highway, not a highway owned

or operated by the federal government, and therefore federal jurisdiction over the offense is lacking. However, the Government has attached to its response a jurisdictional map of the Fort Bragg Military Reservation indicating that Defendant was stopped in an area within the concurrent jurisdiction of Fort Bragg Military Reservation and the State of North Carolina. "Under the Assimilative Crimes Act, federal police officers may arrest individuals for offenses that occurred in an area where the United States has exclusive or concurrent jurisdiction under the penal laws of the relevant state." United States v. Atwell, 470 F. Supp. 2d 554, 560 (D. Md. 2007) (citing 18 U.S.C. § 7 and *Wharton's Criminal Procedure* at § 2.9 (14th ed. 2006)). To the extent the exact location of the traffic stop presents a factual dispute, it will be the Government's burden to ultimately prove that the charged offenses occurred within federal jurisdiction. Such a factual dispute, however, does not support dismissal of the charges. This argument is therefore overruled.

Next, Defendant contends that because he is not a member of the military, he cannot be cited for an offense on the Fort Bragg Military Reservation. This argument has no merit. Title 18, section 13 of the United States Code, provides that

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in Section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

Thus, by its plain language, 18 U.S.C. § 13 applies to all individuals, not merely members of the military. This argument is likewise overruled.

Defendant claims the military police officer who stopped him was "incompetent." This assertion goes to the officer's credibility, which will be determined by the finder of fact. Because this is a factual argument, not a matter of law, dismissal is improper on this basis.

Defendant further complains the officer failed to read him his *Miranda* rights, performed an illegal search of his automobile, and refused to allow him to contact legal counsel. Even if shown to be correct, these assertions would not require dismissal of the charges. With regard to *Miranda* rights, Defendant does not allege any facts showing he was subjected to custodial interrogation. "A motorist who is stopped for a routine traffic violation and asked a moderate number of questions by a law enforcement officer is not in custody" for purposes of *Miranda*. United States v. Van Hazel, 468 F. Supp. 2d 792, 795 (E.D.N.C. 2006) (citing Berkemer v. McCarty, 468 U.S. 420, 442 (1984)). Moreover, an alleged violation of *Miranda* rights, standing alone, would not justify dismissal of the instant charges, only suppression of any evidence unlawfully obtained. Because there is no indication in the present case that the Government seeks to use evidence obtained in violation of *Miranda*, this argument does not support dismissal. Similarly, Defendant's assertions regarding an alleged illegal search of his automobile provide him no relief, as the charges against him do not stem from or relate to any such alleged search. Finally, Defendant's claim that he was denied legal counsel is contradicted by the sworn statement of the officer, who states that Defendant "declined his right to contact any attorney or a witness" while at the Law Enforcement Center. Resp. 11, Statement Depreaux, DE-6. Inasmuch as this contention presents a factual dispute, it cannot be decided as a matter of law. Moreover, while deprivation of counsel under these circumstances could conceivably bear on admissibility of certain evidence, it would not mandate dismissal of all charges. These arguments are accordingly overruled.

Defendant's remaining arguments merely contest the evidentiary support for the charges. Specifically, Defendant asserts there is insufficient evidence to show he was speeding, intoxicated, or operating a motor vehicle (although he states he was driving his "private car"). These disputed facts are all elements of the offenses with which Defendant has been charged, which the Government will have the burden of proving beyond a reasonable doubt. After the Government has the opportunity to present its evidence, the Defendant may at that time move for dismissal of the charges based on insufficiency of the evidence, not before. These arguments are therefore overruled.

For the reasons explained above, Defendant's motion to dismiss (DE-4) is DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Friday, April 5, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE