IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-1011-JG-1

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THONY ISSAC, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on defendant's motion (with incorporated memorandum) (D.E. 22) for a jury trial. The government filed a memorandum (D.E. 24) in opposition. The motion will be denied.

## DISCUSSION

Defendant is charged in a four-count amended criminal information, filed on 20 March 2013, with: driving while impaired ("DWI"), in violation of the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13(a), assimilating N.C. Gen. Stat. § 20-138.1 (count 1); resist, delay, or obstruct a police officer, in violation of 18 U.S.C. § 13(a), assimilating N.C. Gen. Stat. § 14-223 (count 2); speeding, in violation of 18 U.S.C. § 13(a), assimilating N.C. Gen. Stat. § 20-141(e) (count 3); and driving without a license, in violation of 18 U.S.C. § 13(a), assimilating N.C. Gen. Stat. § 20-7a (count 4). On 8 October 2013, defendant pled not guilty to all four counts and requested a jury trial. The court directed him to file an appropriate motion, which he has done.

Defendant contends that he is entitled to trial by a jury based on the DWI charge. The court finds that he is not.

"The Sixth Amendment's guarantee of the right to a jury trial does not extend to petty offenses, and its scope does not change where a defendant faces a potential aggregate prison term

in excess of six months for petty offenses charged." *Lewis v. United States*, 518 U.S. 322, 323-24 (1996). "An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." *Id.* at 326 (citing *Blanton v. North Las Vegas*, 489 U.S. 538, 543 (1989); *Codispoti v. Pennsylvania*, 418 U.S. 506, 512 (1974)); *accord United States v. Nachtigal*, 507 U.S. 1, 3-4 (1993) ("A defendant can overcome this presumption, and become entitled to a jury trial, only by showing that the additional penalties, viewed together with the maximum prison term, are so severe that the legislature clearly determined that the offense is a 'serious' one."); *see also United States v. Pierce*, 75 F.3d 173, 177-78 (4th Cir. 1996) (refusing to except ACA offenses from the federal sentencing policy that supervised release is not considered part of the incarceration portion of a sentence). Prior precedent also looked to the nature of the offense in determining whether it is sufficiently serious to require a jury trial. *Baldwin v. New York*, 399 U.S. 66, 69 n. 6 (1970).

The maximum term of imprisonment that can be imposed on defendant for the DWI charge itself is six months, the maximum Level Three punishment under N.C. Gen. Stat. § 20-179(i). For there to be a higher maximum term of imprisonment, the government would have to prove that at least one of the grossly aggravating factors listed in N.C. Gen. Stat. § 20-179(c)(1)-(4) applied. *See* N.C. Gen. Stat. § 20-179(c). However, by stating in the penalty sheet (D.E. 8) for the amended criminal information it filed with the court and served on defendant that the maximum term of imprisonment was six months, the government gave defendant notice that it was not alleging the applicability of any grossly aggravating factors. The court finds this manner of delimiting the maximum imprisonment to which defendant was subject on the DWI charge adequate and rejects defendant's contention that it was arbitrary. *Cf.* N.C. Gen. Stat. § 20-

179(a1) (requiring the State in jury trial DWI cases in N.C. Superior Court to give the defendant prior notice of all aggravating factors it intends to establish at trial). The DWI charged is therefore presumptively petty.[1]

Defendant argues that the DWI is nonetheless serious because under *Pierce*, 75 F.3d at 177, a term of supervised release of up to one year could be imposed upon him. But *Pierce* held that a district court has the authority in ACA cases to impose the one-year term of supervised release on "a misdemeanor defendant" generally, without limiting this authority to particular types of misdemeanors. *Id.* at 177. Indeed, in *Pierce*, the offense of which the defendant was convicted was a Level Five DWI, for which the maximum period of incarceration is 60 days. *Id.* at 177 & n.2; *see also* N.C. Gen. Stat. § 20-179(f)(3) (setting 60-day maximum for Level Five); *United States v. Cameron*, No. 5:11-MJ-01831-RJ-1 (D.E. 30), 2013 WL 3064008, at *1-2 (E.D.N.C. 18 June 2013) (mag. judge mem. & recommendation) (denying motion to vacate judgment revoking probation and imposing 60 days incarceration followed by 10 months of supervised release for Level Five DWI), *aff'd*, No. 5:13-CR-180-BO, 24 Sept. 2013 Order (D.E. 49). The court therefore rejects the notion that the potential imposition of a yearlong period of supervised release for a Level Three DWI indicates that that offense is so serious as to require trial by jury. *See United States v. Hernandez*, 276 Fed. Appx. 291, 294-96 (4th Cir. 6 May 2008) (holding that a defendant charged with DWI under 36 C.F.R. § 4.23(a)(1) was not entitled to a jury trial).

---

[1] In an alternative argument, defendant appears to contend that since the maximum term of imprisonment for a DWI under the statute at issue is three years, Aggravated Level One punishment, N.C. Gen. Stat. § 20-179(f3), that period of potential imprisonment should be used in determining whether defendant is entitled to a jury trial. This alternative argument fails because, as explained, this higher level of potential incarceration requires proof by the government that grossly aggravating factors apply and the government gave notice that it was not alleging the applicability of any such factors. In other words, defendant was not charged with an offense carrying a potential term of three years of imprisonment.

3

Defendant also argues that the fact that a defendant in North Carolina state court could obtain a jury trial on the DWI charge against him if brought there shows that it is a serious offense. Again, though, that right to a jury trial applies to all misdemeanors. *See* N.C. Const. art. I § 24; *State v. Hudson*, 280 N.C. 74, 79 (1971). It is therefore not an indication that the legislature considered a Level Three DWI a serious offense.

## CONCLUSION

For the reasons stated, defendant's motion (D.E. 22) for a jury trial is DENIED. The trial in this case shall be by the bench.

This, the 5th day of November 2013.

James E. Gates
United States Magistrate Judge

4

Case 5:13-mj-01011-JG  Document 25  Filed 11/05/13  Page 4 of 4